## AS TO THE FIDUCIARY RELATIONSHIP BETWEEN AN ADMINISTRATOR AND THE WIDOW OF HIS INTESTATE.

Circuit Court of Cuyahoga County.

MARY LALLY v. MARY LALLY ET AL.

Decided, 1906.

*Gifts—When Duty of Court to Scrutinize.*

Although as to the title to real estate, no legal fiduciary relationship exists between the administrator of an estate and the widow of his intestate, a *de facto* relationship of that character may exist; and where the administrator is the brother of the intestate and accustomed to doing business and the widow is illiterate and not accustomed to doing business, a deed of gift from the latter to the former could only be made after full disclosure to the donor of her rights in the property, and where such conveyance is sought to be set aside it is the duty of the court to scrutinize jealously the conduct of the donee and the comprehension of the donor in respect to the entire transaction.

*Herman Preusser,* for plaintiff.
*McCaslin & Cannon* and *Jas. F. Walsh,* contra.

HENRY, J.; LAUBIE, J. (sitting in place of Marvin, J.), and WINCH, J., concur.

This is an appeal by plaintiff from the judgment of the court of common pleas in an action to set aside a conveyance which she alleges was fraudulently procured from her by her brother-in-law, Michael Lally, since deceased. The defendants are Michael Lally's devisees, etc.

John Lally died intestate November 20, 1903, without issue, leaving a house and lot on Phelps street, in Cleveland, which he had purchased, and personal property consisting chiefly of bank deposits. He and his brother Michael had been intimately associated as co-administrators of an estate, and John's widow, who is an illiterate woman about 65 years old, had confidence in Michael and consented to his appointment, December 2, 1903, as an administrator of her husband's estate. At the same time

she signed a deed to Michael of the Phelps street property, and he executed a life lease thereof to her. She also consented to a distribution of the bank deposits, but inasmuch as the personal property is the subject of a separate action still pending, we refrain from discussing this feature of the transaction. All this business was transacted at the office of James F. Walsh, Esq., of counsel in this cause. The evidence shows no actual fraud or misrepresentation in the premises, but on the contrary, an effort on the part of the widow to carry out what she believed to her late husband's wishes. He had been her second husband and she had had issue by her former marriage. It is said that the Phelps street property had been paid for by John, Michael and a sister, as a home for their mother in her lifetime, and title taken in John's name with a life lease to the mother; and that John's widow, knowing this, wanted a similar provision for herself, but so arranged that the property would belong to Michael on her death. The source of the original purchase money is not proved in this case, but we think it is proved that John's widow signed the deed which she now seeks to set aside, and that she knew or should have known what she was signing. She alleges that she first discovered the fact that she had made such a conveyance about one month thereafter, at Michael Lally's funeral, and the files here show that she brought this action within a fortnight afterwards.

The main question in this case is whether and under what circumstances one occupying such a relation to another, as that of Michael Lally to his brother's widow, can take a gift of land from that other. Here the fact of confidence reposed is abundantly established, in addition to such confidence, if any, as is legally implied from the kinship by affinity, the relationship between an intestate's widow and the administrator of the estate, and the inequality of footing as between a man accustomed to the transaction of business and an illiterate widow whose husband has been dead but twelve days.

It is pointed out to us, and we agree, that no official fiduciary relationship subsists between an administrator and the widow of his intestate, in respect to the title to the latter's real estate.

But we think a *de facto* relationshhip of that character may exist between parties so situated which will give rise to legal duties; and under the facts of this case we hold that the duty of making a full and complete disclosure to plaintiff of her rights as heir of her deceased husband rested upon Michael Lally before he could take a valid gift from her of the real estate which she had thus inherited.   And it is the duty of a court of equity, where such a gift is sought to be set aside, to scrutinize jealously the conduct of the donee and the comprehension of the donor in respect to the entire transaction.   The rule as to purchases applies with even more force to such gifts as this.   *Walker* v. *Shepard*, 210 Ill., 100; *Pairo* v. *Vickery*, 37 Nev., 467; *Handlin* v. *Davis*, 4 Ky. Law Rep., 675.

No disclosure of her rights appears to have been made to John Lally's widow.   Whether she supposed she was giving away her own property or merely effectuating her husband's intended disposition of his property, is at best uncertain.   Under these circumstances the gift can not be upheld, but must be set aside and the deed of conveyance canceled.   The plaintiff may take a decree in accordance with this opinion.